# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                        CRIMINAL ACTION

VERSUS                                                                        19-136-JWD-EWD

MICHAEL ALLEN WORLEY

## ORDER

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to* 18 U.S.C. § 3582(c) filed by Defendant, Michael Allen Worley ("Defendant").[1] The Government opposes this motion.[2] For the following reasons, the motion is denied.

## Background

Defendant is currently incarcerated at FCI Oakdale I following his guilty pleas to one count of bank fraud and one count of wire fraud. Defendant was sentenced in October 2020 to a total prison sentence of 144 months. His projected release date is January 3, 2031. The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that his serious medical conditions, including type-II diabetes, hypertension, obesity, gastrointestinal reflux disease ("GERD"), hyperlipidemia, and asthma are "extraordinary and compelling" reasons to reduce his sentence.[3]

## Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."[4] Under 18 U.S.C. § 3582(c), a court generally "may not

---

[1] R. Doc. 62.
[2] R. Doc. 66. The Government also filed an updated supplemental response in opposition to the Motion. R. Doc. 76.
[3] R. Doc. 62, p. 4. Though Defendant alleges he has these medical conditions, his medical records do not demonstrate that Defendant suffers from or is being treated for GERD or asthma. Even if Defendant suffers from all conditions listed, he is not entitled to release for the reasons stated below.
[4] *Dillon v. United States*, 560 U.S. 817, 825 (2010).

modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Defendant moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### Extraordinary and Compelling Reasons

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the

factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
(1) extraordinary and compelling reasons warrant the reduction; ...
(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
(3) the reduction is consistent with this policy statement.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—
(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
(ii) The defendant is—
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or

(B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant
(i) is at least 65 years old;
(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G § 1B1.13 cmt. n. 1.

In *United States v. Shkambi*,[5] the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress amended §3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court ... is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[6]

*Shkambi* does not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to ...§ 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."[7] And other circuits are in accord.[8]

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[9] The only "extraordinary and compelling reason" that would apply in this case is "(A) Medical Condition of the Defendant."

---

[5] 993 F.3d 388 (5th Cir. 2021).
[6] *Id.* at 393.
[7] *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).
[8] *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding").
[9] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the

**Medical Condition of Defendant**

In his request, Defendant alleges that he suffers from type-II diabetes, hypertension, obesity, GERD, hyperlipidemia, and asthma. Title 18, United States Code, Section 3582(c)(1)(A) provides that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission." However, Defendant's allegations are not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary. Defendant fails to show that his current condition is sufficiently severe to diminish his ability to provide self-care. Defendant's medical records show that he is receiving care for his conditions that is more than adequate. His records also show that Defendant previously contracted COVID-19, received treatment, and recovered.

Because Defendant has both been fully vaccinated with the Pfizer-BioNTech COVID-19 vaccine and has contracted and recovered from COVID-19, extraordinary and compelling reasons are not present. In the Fifth Circuit and elsewhere, courts have denied early release to inmates with a variety of medical conditions who, like Defendant, have been vaccinated for COVID-19.[10] Additionally, courts have consistently denied compassionate release requests where the defendant contracted the virus and recovered.[11] Further, according to www.bop.gov, as of March 8, 2022, at

---

necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

[10] *See United States v. Parham*, No. 1:19-CR-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021) (finding that "generalized concerns of contracting COVID-19[ ] are not an 'extraordinary and compelling reason' " where the defendant had received the COVID-19 vaccine); *United States v. Schad*, No. CR 2:17-225-3, 2021 WL 1845548, at *4 (S.D. Tex. May 5, 2021) (denying compassionate release where the defendant had been fully vaccinated against COVID-19); *United States v. Grummer*, No. 08-CR-4402, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying compassionate release and noting that "[a]lthough Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19"); *United States v. Beltran*, No. 6:16-CR-00004, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to a high-risk inmate with myriad underlying medical conditions who received the vaccine, finding that "vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection."); *accord United States v. Nunez-Arias*, No. CR H-16-436, 2021 WL 1537323, at *3 (S.D. Tex. Apr. 19, 2021).

[11] *United States v. Wakefield*, No. 1:19-CR-00095, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) ("Because [the defendant] has already contracted the virus and recovered without complication, and because he is in the process of being vaccinated, the [d]efendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary

FCI Oakdale I, where Defendant is incarcerated, there are only six active cases of COVID-19 among the 875 inmates and seven positive staff members.[12] As such, considering that Defendant is fully vaccinated, contracted and recovered from COVID-19, and the low number of cases at FCI Oakdale I, Defendant has failed to establish the existence of sufficient reasons based on his medical conditions or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief under the compassionate release statute.[13] Furthermore, the BOP has undertaken "extensive and professional efforts to curtail the [COVID-19] virus's spread."[14] As such, even though Defendant has medical conditions, there are no extraordinary and compelling reasons supporting compassionate release.[15]

## Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion[16] is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 9, 2022.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

and compelling reason for his release."); *United States v. Purry*, No. 2:14-CR-332, 2020 WL 2773477, at *2 (D. Nev. May 28, 2020) (the fact that the defendant contracted and recovered from the virus rendered his request for release to avoid COVID-19 moot); *United States v. Contreras*, No. 4:18-CR-46(12), 2021 WL 1536504, at *7 (E.D. Tex. 2021) (collecting cases).

[12] *See* bop.gov/coronavirus (last visited March 8, 2022).

[13] *See United States v. Leavell*, No. 2:07-CR-202, 2021 WL 1517912, at *3 (E.D. La. Apr. 16, 2021) (defendant with high blood pressure, diabetes, and obesity alleged nothing more than general concerns about possible exposure to COVID-19 and was not entitled to release under § 3582);

[14] *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[15] To the extent Defendant attempted to bring an Eighth Amendment claim, it is not discussed herein. The proper vehicle for asserting an Eight Amendment claim is a civil rights lawsuit. *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (citations omitted).

[16] R. Doc. 62.